**Keith FOWLER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 3–93–677–CR.**

Court of Appeals of Texas, Austin.

Feb. 16, 1994.

Rehearing Overruled March 23, 1994.

Discretionary Review Refused June 15, 1994.

---

Ronald Earle, Dist. Atty., Austin, for appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

## *ORDER*

PER CURIAM.

Keith Fowler, who is indigent and represented by appointed counsel, pleaded guilty and judicially confessed to burglary of a habitation. Tex.Penal Code Ann. § 30.02 (West 1989). The district court adjudged him guilty and, pursuant to a plea bargain, assessed punishment at imprisonment for thirteen years. Fowler timely filed a hand-written notice of appeal that we assume was prepared by him without the assistance of counsel. The notice of appeal is "general," that is, it does not contain either of the recitals found in the "but clause" of Rule 40(b)(1). Tex.R.App.P. 40(b)(1).[1]

The transcript was filed in this Court on December 20, 1993. On December 27, the Clerk of this Court notified appellant's counsel of record, Mr. Raymond L. Kohler, that the statement of facts was overdue. Tex. R.App.P. 53(m). Counsel did not respond to this notice. As a consequence, on January 26, 1994, this Court ordered the district court to conduct a hearing pursuant to Rule 53(m) to determine whether appellant has been deprived of a statement of facts due to ineffective assistance of counsel or for any other reason.

On February 1, counsel for appellant filed in the district court a motion to withdraw as counsel. The motion stated, in part:

> Movant is [of the] opinion that Mr. Fowler's plea and sentencing are in all things proper. Movant is also of the opinion that there are no issues either factually or procedurally upon which to base an appeal and thus an appeal would be fruit-

Raymond L. Kohler, Austin, for appellant.

---

1. Rule 40(b)(1) states, in pertinent part:

   Such notice [of appeal] shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the pun-

   ishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

less and frivilous [sic]. Movant therefore feels that it would be impossible to adequately represent the defendant in the said appeal and therefore finds it necessary to withdraw as counsel of record.

WHEREFORE, the Movant respectfully prays that the Court grant this motion and order that RAYMOND L. KOHLER be released as attorney of record in this cause.

The district court granted the motion to withdraw the day it was filed. The motion and order were forwarded to this Court as a supplemental transcript.

On February 3, the State filed motions asking this Court to dismiss the appeal for failure to comply with Rule 40(b)(1) and to withdraw the order to conduct the Rule 53(m) hearing. We will grant the motion to withdraw the Rule 53(m) order but will overrule the motion to dismiss. We will also instruct the district court to appoint substitute counsel to represent appellant and to order the preparation of a statement of facts.

## 1. Motion to dismiss

■ The State argues that appellant's notice of appeal was insufficient to invoke the jurisdiction of this Court, citing two recent opinions by the Court of Criminal Appeals. *Lyon v. State,* 872 S.W.2d 732 (Tex.Crim.App.1994); *Davis v. State,* 870 S.W.2d 43 (Tex.Crim.App.1994). In *Lyon,* the court held that in a case to which the "but clause" of Rule 40(b)(1) applies, a "general" notice of appeal confers no jurisdiction on a court of appeals to address nonjurisdictional defects or errors that occur before or after entry of the guilty plea. Contrary to the argument of the State, the *Lyon* opinion does not hold that a "general" notice of appeal following a bargained guilty plea confers no appellate jurisdiction at all. To the contrary, *Lyon* states that a "general" notice of appeal in such cases confers jurisdiction to address jurisdictional issues.

Appellant's notice of appeal in this cause was at least sufficient to invoke this Court's jurisdiction to consider any point of error complaining of jurisdictional error below.[2] The State's motion to dismiss the appeal is overruled.

## 2. Appointment of counsel

■ If court-appointed counsel determines that the record will not support any reversible grounds on appeal, counsel must file a brief referring to anything in the record that might arguably support the appeal, after which the appellate court may grant counsel's request to withdraw. *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967); *Stafford v. State,* 813 S.W.2d 503, 509–10 (Tex.Crim.App.1991). Neither *Lyon* nor *Davis* excuses appointed counsel in a case such as this from his obligation under *Anders* to file a brief in the appellate court. In this cause, counsel's motion stating that the appeal is frivolous and asking the district court for permission to withdraw did not satisfy the requirements of *Anders.*

■ Counsel appointed to represent a defendant at trial remains as counsel on appeal unless permitted to withdraw. *Ward v. State,* 740 S.W.2d 794, 796–97 (Tex.Crim.App. 1987); Tex.Code Crim.Proc.Ann. art. 26.04(a) (West 1989). When a trial court permits appointed counsel to withdraw, that court must appoint substitute counsel in the absence of a clear showing in the record that the defendant is no longer indigent or that the defendant desires to represent himself. *Ward,* 740 S.W.2d at 798; *Lopez v. State,* 486 S.W.2d 559, 560 (Tex.Crim.App.1972). There is no order appointing substitute counsel in the record before us.

The district court is instructed to appoint substitute counsel who will effectively represent appellant in this appeal. The district clerk shall prepare a supplemental transcript containing the order appointing substitute counsel and tender the supplemental tran-

**2.** In *Davis,* the Court of Criminal Appeals reserved the question whether, under Rule 40(b)(1), a defendant who enters a bargained guilty plea may, without permission of the trial court, complain on appeal that his plea was

involuntary. *See Soto v. State,* 837 S.W.2d 401, 404 (Tex.App.—Dallas 1992, no pet.) (procedural limitations of Rule 40(b)(1) are predicated on a voluntary plea of guilty).

script to the Clerk of this Court by February 25, 1994.

### 3. Statement of facts

It is obvious from the present record that appellant is entitled to a statement of facts. Therefore, the State's motion to withdraw the Rule 53(m) order dated January 26 is granted. The district court is instructed to order the preparation of a statement of facts in this cause at no cost to appellant. The statement of facts shall be tendered for filing by March 16, 1994.

It is so ordered this 16th day of February 1994.