COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Henry Earl Cosey v. The State of Texas

Appellate case number:   01-11-00309-CR

Trial court case number: 599361 (Count II)

Trial court:             208th District Court of Harris County

On August 11, 1992, the trial court found appellant guilty of sexual assault, found an enhancement paragraph to be true, and sentenced appellant to confinement for 30 years. This Court's mandate issued on January 24, 1995. Appellant filed motions for DNA testing on July 20, 2001 and again on February 24, 2003. On August 15, 2003, the trial court found appellant indigent and appointed counsel to represent him for his motion for forensic DNA testing. *See* TEX. CODE CRIM. PROC. art. 64.01(c) (West Supp. 2011). On April 23, 2009, the trial court again found appellant indigent and appointed Joseph Varela to represent him. On May 15, 2009, the trial court ordered DNA testing in this case. On August 17, 2010, the trial court found that it was not reasonably probable that, had the results of the DNA testing been available during the trial, appellant would not have been convicted. *See* TEX. CODE CRIM. PROC. art. 64.04 (West Supp. 2011). The trial court's certification of appellant's right of appeal correctly states this is not a plea-bargain case and appellant has the right of appeal.[1]

---

1    The trial court's certification contains no file stamp and is not dated. The trial court clerk has certified that the trial court's certification was not file-marked at the time it was received and that it should have been file-marked on August 13, 1992. The clerk's certification, however, is not supported by the record. The trial court's certification of appellant's right to appeal is signed by the Honorable Denise Collins, and it lists J. Varela as counsel for appellant. The Honorable Denise Collins did not preside over the original trial in this cause in August 1992, and Joseph Varela was not appointed to represent appellant until April 23, 2009. Furthermore, certifications of the right to appeal were first implemented in 2003. Therefore, the certification of appellant's right to appeal in this case could not have been created in August 1992, and the trial court's certification of the appellant's right to appeal applies to the trial court's finding and order on appellant's motion for DNA testing, not to the original judgment. Accordingly, appellant has properly invoked our jurisdiction over this appeal. *See* TEX. CODE CRIM. PROC. art. 64.05 (West 2006); TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim.

Appellant, through his attorney, timely appealed from the trial court's finding on September 1, 2010.[2] *See* TEX. CODE CRIM. PROC. art. 64.05 (West 2006); TEX. R. APP. P. 26.2(a)(1). Appellant's notice of appeal includes a motion to withdraw. The record does not include an order on the motion. Nevertheless, appellant is currently proceeding pro se in this Court.

If the appellant still desires to pursue this appeal, he is entitled to court-appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p), 64.01(c) (West Supp. 2011); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Joseph Varela, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[3]

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;
2) Execute a written order either granting or denying appellant's counsel's motion to withdraw; and
3) If counsel's motion to withdraw is granted, appoint new counsel to represent appellant.

*See* TEX. CRIM. PROC. ANN. art. 26.04(p) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."); 64.01(c) (granting right to counsel for proceedings related to motions for DNA testing and requiring trial court to appoint counsel if convicted person informs court that person wishes to file motion for DNA testing,

---

App. 2005) ("Effective January 2003 our rules of appellate procedure now require the trial judge to enter a certification of the defendant's right to appeal. . . . The court of appeals must dismiss an appeal if a certification showing that the defendant has the right to appeal is not made a part of the appellate record.").

[2] The trial court clerk has filed an affidavit with this Court stating that, although appellant gave notice of appeal on September 1, 2010, the document was misfiled and was not processed until April 4, 2011.

[3] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

courts finds reasonable grounds for filing of motion, and court finds person is indigent); *Ward*, 740 S.W.2d at 798 (requiring that, after permitting appointed trial counsel to withdraw, trial court must either find that appellant is knowingly and voluntarily waiving right to appointed counsel or appoint appellate counsel); *Lopez*, 486 S.W.2d at 560 (same); *Fowler*, 874 S.W.2d at 114 ("When a trial court permits appointed counsel to withdraw, that court must appoint substitute counsel in the absence of a clear showing in the record that the defendant is no longer indigent or that the defendant desires to represent himself.").

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders, including the trial court's finding regarding whether appellant wishes to pursue this appeal and, if applicable, the trial court's written order on counsel's motion to withdraw and the name and contact information for any newly appointed counsel, with this Court no later than August 10, 2012. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file the reporter's record of the hearing no later than August 10, 2012. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than August 10, 2012.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ <u>Justice Terry Jennings</u>
☑ Acting individually    ☐ Acting for the Court


Date:  July 18, 2012