COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Terence Nathaniel Tompkins v. The State of Texas

Appellate case number:   01-12-00592-CR

Trial court case number: 1337275

Trial court:             232nd District Court of Harris County

The grand jury returned a true bill of indictment against appellant for the state-jail felony offense of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010). On February 17, 2012, the trial court appointed the public defender's office, who assigned Randy Martin, to represent appellant. On June 11, 2012, appellant pleaded guilty, and the trial court entered judgment against appellant and executed a certification of appellant's right of appeal, indicating both that this "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal." Appellant, acting pro se, filed a notice of appeal on June 19, 2012. Although the record contains no indication that appellant's counsel moved to withdraw or was permitted to withdraw, no counsel has appeared on appellant's behalf in this appeal.

The trial court's certification of the appellant's right of appeal is defective. The certification states that this is a plea-bargain case, but the record contradicts the certification. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (holding that recitations in trial court records are binding unless record contradicts them). According to both the judgment and the "waiver of Constitutional rights, agreement to stipulate, and judicial confession," appellant did not plead pursuant to a plea bargain, he pleaded "without an agreed recommendation." *See Blanco v. State*, 18 S.W.3d 218, (Tex. Crim. App. 2000). Further, the record does not contain a written waiver of the right to appeal that was either executed in exchange for some consideration from the State or after appellant was sentenced. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Ex parte Delaney*, 207 S.W.3d 794, 799–800 (Tex. Crim. App. 2006). Although appellant could have orally waived the right to appeal after the trial court imposed the sentence, no reporter's record has been filed and the record does not otherwise support an oral waiver. *See Monreal v. State*, 99 S.W.3d 615, 616 (Tex. Crim. App. 2003); *Moreno v. State*, 327 S.W.3d 267, 268–69 (Tex. App.—San Antonio 2010, no pet.). Because the certification is contradicted by the record, we will not presume that appellant waived the right to appeal. *See Breazeale*, 683 S.W.2d at 450.

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1.

In addition, if the appellant has the right of appeal and still desires to pursue this appeal, he is entitled to court-appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1), 26.04(p) (West Supp. 2011); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 15 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's counsel, Randy Martin, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to:

1) Make a finding whether appellant knowingly and voluntarily made an oral waiver of the right to appeal after being sentenced;
2) Execute an amended certification of appellant's right to appeal indicating either that appellant has the right of appeal or that appellant waived the right to appeal;
3) Determine whether appellant still wishes to pursue this appeal;
4) Determine whether appellant's counsel, Randy Martin, intends to represent appellant on appeal or whether counsel should be permitted to withdraw;
5) If counsel is permitted to withdraw, appoint substitute appellate counsel at no expense to appellant, regardless of whether appellant has waived the right to appeal;
6) Make any other findings and recommendations the trial court deems appropriate; and
7) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f); 26.04(j)(2); 26.04(p); TEX. R. APP. P. 25.2(f); *Monreal*, 99 S.W.3d at 616; *Ward*, 740 S.W.2d at 798; *Lopez*, 486 S.W.2d at 560; *Moreno*, 327 S.W.3d at 268–69; *Fowler*, 874 S.W.2d at 114.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings,

---

[1] On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

recommendations, and orders with this Court within 20 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 20 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 20 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ <u>Justice Harvey Brown</u>
                         ☑ Acting individually    ☐ Acting for the Court

Date: September 17, 2012