COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Oscar Allen McGaha v. The State of Texas

Appellate case number:     01-13-00031-CR

Trial court case number:   1354337

Trial court:                       184th District Court of Harris County

The grand jury returned a true bill of indictment against appellant for the felony offense of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). The trial court appointed Roger Donley of the public defender's office to represent appellant. Appellant pleaded guilty, and, in accordance with appellant's plea-bargain agreement, the trial court deferred adjudication of appellant's guilt and placed him on community supervision. After the State filed a motion to adjudicate appellant's guilt, appellant pleaded true to the allegations in the State's motion. In the stipulation of evidence, appellant agreed to the State's recommendation that he be sentenced to four years in prison and stated that "[a]s part of my agreement with the prosecutor to plead true, I agree to waive any right to appeal I may have concerning any issue or claim in this case, including my plea or [sic] true or admission of guilt." The trial court found appellant guilty, and, following the State's recommendation, sentenced him to four years in prison. The trial court then executed a certification of appellant's right to appeal, stating that this "is a plea-bargain case, and the defendant has NO right of appeal." Appellant, acting pro se, filed a notice of appeal. Although the record contains no indication that appellant's counsel moved to withdraw or was permitted to withdraw, no counsel has appeared on appellant's behalf in this appeal.

The trial court's certification of the appellant's right of appeal is defective. The certification states that this is a plea-bargain case, but the record contradicts the certification. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (holding that recitations in trial court records are binding unless record contradicts them). Although appellant pleaded true to the allegations in the State's motion to revoke in exchange for a sentencing recommendation from the State, Rule 25.2(a)(2) "refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions," and "[n]othing in Rule 25.2(a)(2) limits [his] right to appeal." *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *see Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006); *Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim.

App. 2003) ("[I]n the context of revocation proceedings, the legislature has not authorized binding plea agreements."). Therefore, this case is not a plea-bargain case.[1]

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

In addition, if the appellant has the right of appeal and still desires to pursue this appeal, he is entitled to court-appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1), 26.04(p) (West Supp. 2012); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's counsel, Roger Donley, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[2]

We direct the trial court to:

1) Execute an amended certification of appellant's right to appeal indicating either that appellant has the right of appeal or, if appellant waived the right to appeal on the record after sentencing,[3] that appellant waived the right to appeal;
2) Determine whether appellant still wishes to pursue this appeal;
3) Determine whether appellant's counsel, Roger Donley, intends to represent appellant on appeal or whether counsel should be permitted to withdraw;
4) If counsel is permitted to withdraw, appoint substitute appellate counsel at no expense to appellant, regardless of whether appellant has waived the right to

---

[1] Further, appellant's waiver of the right to appeal in the stipulations was a pretrial waiver and does not indicate that it was executed in exchange for some consideration from the State and is therefore not valid. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Ex parte Delaney*, 207 S.W.3d 794, 799–800 (Tex. Crim. App. 2006).

[2] On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

[3] *See Moreno v. State*, 327 S.W.3d 267, 268–69 (Tex. App.—San Antonio 2010, no pet.); *Delatorre v. State*, 957 S.W.2d 145, 149 (Tex. App.—Austin 1997, pet. ref'd).

appeal;

5) Make any other findings and recommendations the trial court deems appropriate; and

6) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1); 26.04(j)(2); 26.04(p); TEX. R. APP. P. 25.2(f); *Ward*, 740 S.W.2d at 798; *Lopez*, 486 S.W.2d at 560; *Fowler*, 874 S.W.2d at 114.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 25 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Jim Sharp

☑ Acting individually   ☐ Acting for the Court

Date: February 21, 2013