**Opinion issued November 26, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-11-01014-CR

———————————

**JOSEPH L. EWELLS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1297122**

**MEMORANDUM OPINION**

A jury found appellant, Joseph L. Ewells, guilty of the offense of burglary of

a building[1] and assessed his punishment at confinement for two years and a $5,000

---

[1]    *See* TEX. PENAL CODE ANN. § 30.02 (Vernon 2011).

fine. In two issues, appellant contends that the trial court erred in not appointing him counsel during the thirty-day period during which he could file a motion for new trial and there is insufficient evidence to support the assessed court costs.

We affirm.

## Background

Houston Police Department ("HPD") Officer M. Green testified that in the early morning hours of February 27, 2011, he was dispatched to a burglary in progress at a liquor store. Green and his partner, HPD Officer T. Boles, arrived at the scene and in the front area of the store saw a hole in the ceiling with a ladder going through it. Green and Boles established a perimeter around the building and called for backup.

After other HPD officers arrived, Officer Green heard a "shuffling noise" coming from the top of the building and then saw two men wearing dark clothing jump from the liquor store roof onto the roof of a house next door. One of the men then slid down from the roof of the house and was caught in the backyard. Other HPD officers told Green that they could see appellant still on the roof. Appellant stood up when the officers commanded him to do so and he then lifted up his shirt so that they could check for weapons. Appellant had a cellular telephone in his hand and asked if he could throw it down to the police officers stating, "[Y]ou can have my phone. I already called my people and told them I'm getting arrested for

2

breaking in that liquor store." Officer Boles borrowed a ladder from a neighbor, and the officers instructed appellant to come down off of the roof.

On the liquor store roof, Green found "sticking up out of the roof," a ladder, which went down into the store, and a lot of "products" from the store, including liquor bottles, a "large amount" of cigarettes and cigars, and two boxes of scratch-off lottery tickets. Green also found a bag of tools on the roof. And Green noted that two women, who he believed were appellant's sisters, came to the scene and an officer told the women that appellant had been arrested.

On November 11, 2011, the jury found appellant guilty of the offense of burglary of a building and assessed punishment. On the same day, appellant's trial counsel filed a notice of appeal, moved to withdraw, and requested that the trial court set bail. Appellant did not state to the trial court that he was indigent or object to the trial court's finding that he was not indigent, nor did he request appellate counsel or a free appellate record. The trial court granted trial counsel's motion to withdraw and set an appeal bond of $10,000. Although the trial court recorded its finding that "Defendant works for the [C]ity of Houston [and] is not indigent," it also "filled in the blank" that it was appointing appellate counsel from the public defender's office.

Subsequently, in accord with this Court's Order of Abatement, the trial court conducted a hearing at which the assigned district court clerk testified about certain

3

docket entries. The clerk explained that appellant had appeared before the trial court on December 21, 2011 and "informed [the] Court he will hire an appeal attorney and pay for the record." The trial court then explained on the record that at the same hearing it had corrected a clerical error on its November 11, 2011 order, noting that it did not intend to appoint appellate counsel from the public defender's office and the "defendant did not request appointed [appellate] counsel." The trial court then questioned appellant about whether he had hired appellate counsel, and appellant stated that he had not hired an attorney because he "lost [his] job . . . right after [he] got out," and his girlfriend paid for his appellate bond. The trial court then questioned appellant about his then current employment status, and appellant explained that he been unable to find new employment and made about $200 a week by "doing yard work and washing cars." The trial court found that appellant "had not been indigent previously, but now is indigent," appointed appellate counsel to represent him, and approved the provision of an appellate record without charge.

## Deprivation of Counsel

In his first issue, appellant argues that the trial court erred in not appointing him appellate counsel during the time period for filing a motion for new trial because it was a "critical stage of the proceedings" during which he was constitutionally entitled to an attorney. Appellant further argues that because he

4

was initially determined to be indigent and appointed trial counsel, he is "presumed to remain indigent for the remainder of the proceedings in the case unless a material change in [his] financial circumstances occur[ed]" and the "only appropriate remedy" is abatement and remand "to restart the appropriate time table."

A motion for new trial must be filed no later than thirty days after a trial court "imposes or suspends sentence in open court." TEX. R. APP. P. 21.4(a); *see* TEX. R. CIV. P. 329b(a). This thirty-day period is a "critical stage" of a criminal proceeding, and a defendant has a constitutional right to counsel during the period unless the right has been waived. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007); *Burnett v. State*, 959 S.W.2d 652, 656 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). The deprivation of counsel is subject to a harmless error analysis. *Cooks*, 240 S.W.3d at 911.

The record reflects that on March 1, 2011, appellant asked for and was appointed counsel, who represented him throughout trial. If a court appoints counsel to represent a defendant during trial, the same counsel is expected to represent the defendant on appeal, unless permitted to withdraw. *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, pet. ref'd) (citing *Ward v. State*, 740 S.W.2d 794, 796–97 (Tex. Crim. App. 1987)). When counsel is permitted to

5

withdraw, the court must appoint new counsel unless there is a clear showing in the record that the defendant is no longer indigent. *Id*.

On November 11, 2011, the day that appellant was sentenced, his trial counsel filed a motion to withdraw and a notice of appeal. Appellant neither stated that he was indigent, requested the appointment of appellate counsel, nor asked the court to provide a free record for the purpose of an appeal. At the end of his punishment hearing, the trial court stated, "I will set the appeal bond at $10,000 and ask the bailiff to leave him up here until you can finish that. But if he makes the bond, since he is working, he is going to need to hire his own lawyer and pay for the record." On its order granting trial counsel's motion to withdraw, the trial court recorded its finding that appellant "works for [the] [C]ity of Houston [and] is not indigent." The trial court later "corrected the error" on its November 11, 2011 order in which it had "filled in" the blank stating that it was appointing the public defender's office to represent appellant because the notation had been entered in "error – [Defendant] did not request appellate counsel."

Not only did appellant not request appellate counsel, he affirmatively represented to the trial court when his trial counsel withdrew that he was not indigent because he worked for the City of Houston and would hire an attorney for his appeal. At that time, the trial court stated on the record that because appellant was working, he would need to hire a new lawyer and pay for the record. On its

6

order granting trial counsel's motion to withdraw, the trial court recorded its finding that "[Defendant] works for [the] [C]ity of Houston [and] is not indigent." And it later determined that a clerical error had been made when it "fill[ed] in the blank" stating that it was appointing the public defender's office to represent appellant. After questioning appellant at the abatement hearing, the trial court found that appellant "was not indigent previously," but that he "now is indigent," and it then appointed the public defender's office. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(m) (Vernon Supp. 2013).

Indigency is determined when the issue is raised and not at "a prior or future point in time." *Easily v. State*, 248 S.W.3d 272, 281 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Therefore, indigency determined at trial does not establish indigency at the time of appeal. *Id.* (citing *Abdnor v. State*, 712 S.W.2d 136, 142 (Tex. Crim. App. 1986). Before a court can determine indigency, the defendant must sign a form oath, stating that he is without means to employ counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(o) (Vernon Supp. 2013); *Whitehead v. State*, 130 S.W.3d 866, 873 (Tex. Crim. App. 2004). And upon requesting a determination of indigence, the defendant must detail his financial resources under oath. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(n) (Vernon Supp. 2013). The defendant must also request a free record by motion and affidavit. *See* TEX. R. APP. P. 20.2. Here, the record does not contain such an oath, motion or affidavit,

7

and the trial court found that appellant was not indigent because he worked for the City of Houston.

Having been found by the trial court to not be indigent, appellant was not entitled to appointed counsel for his appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(b), (d)(1), 26.04 (Vernon Supp. 2013); *Easily*, 248 S.W.3d at 281. The trial court had no duty to appoint appellate counsel when appellant did not request an attorney and told the court that he was employed and would hire his own appellate attorney. *See Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex. Crim. App. 1988). Similarly, a defendant is not entitled to an appellate record at no charge unless he requests such a record "by motion or affidavit" and is found, after a hearing, to be unable to pay or give security for the appellate record. *See* TEX. R. APP. P. 20.2; *see Whitehead*, 130 S.W.3d at 873, 248 S.W.3d at 277.

There is no indication in the record of such a request, nor does appellant direct us to any objection made below to the trial court's finding that he was not indigent at the time of appeal. Nor has appellant challenged this finding on appeal. The record does not reflect that appellant asked for or was denied requested appointment of appellate counsel. Without notice that appellant required, desired, or was entitled to appellate counsel, the trial court had no duty to appoint appellant counsel. *See Gray*, 744 S.W.2d at 607. Accordingly, we hold that the trial court

8

did not err in not appointing appellate counsel immediately after appellant's trial counsel withdrew.

We overrule appellant's first issue.

## Sufficiency of Bill of Costs

In his second issue, appellant argues that there is insufficient evidence to support the imposition of $244 in court costs because there is no documentation supporting this fee and "the record is silent despite a mandatory statutory requirement." Appellant also asserts that the clerk's record does not contain a bill of costs, despite his specific request in his Designation of Clerk's Record.

In support of his argument, appellant relies on *Johnson v. State*, 389 S.W.3d 513 (Tex. App.—Houston [14th Dist.] 2012, pet. granted). There, the Fourteenth Court of Appeals concluded that the trial court erred in ordering the payment of a specific amount of court costs absent support in the record. *Id*. at 516. The court also concluded that it could not presume the assessment of costs in the judgment was accurate to support the trial court's assessment. *Id*. at 517 ("In the face of a sufficiency challenge, an order to supplement the record, and a complete lack of evidence supporting the trial court's assessment of costs, we will not presume the assessment of costs was accurate.").

This Court, however, has distinguished *Johnson* because there, the parties and the court did not address the implications of Texas Code of Criminal

Procedure article 103.006, or Rules of Appellate Procedure 34.5 and 44.3, which permit supplementation of the record. *See Cardenas v. State*, 403 S.W.3d 377, 383–84. (Tex. App.—Houston [1st Dist.] 2013, pet. granted). *Johnson*, therefore, is not dispositive of the issues before us here.

A district clerk must keep a record of each fee or item of cost charged for a service rendered in a criminal action or proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 103.009(a)(1) (Vernon 2006). If a criminal action is appealed, an officer of the court must certify and sign a bill of costs and send it to the court to which the action is transferred or appealed. *Id.* art. 103.006 (Vernon 2006). Here, no such document constituting a bill of costs had been created, certified, signed, and sent to this Court when appellant filed his appellant's brief in which he raised the issue of sufficiency of the evidence to support the court costs awarded in the trial court's judgment. However, we may "not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities." TEX. R. APP. P. 44.3. And, this court is authorized to direct the trial court clerk to supplement the record with any relevant omitted item. TEX. R. APP. P. 34.5(c)(1), (3); *see Cardenas*, 403 S.W.3d at 383.

Sufficient evidence must support an assessment of costs in a bill of costs or judgment. *See Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010)

10

(holding that factual predicate for assessment of court costs included in cost bill must be supported by sufficient evidence); *Thomas v. State*, No. 01-12-00487-CR, 2013 WL 1163980, at *3–4 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet. h.) (holding that trial court's record demonstrated facts and circumstances sufficient to justify assessment of costs); *Owen v. State*, 352 S.W.3d 542, 547–48 (Tex. App.—Amarillo 2011, no pet.) (holding that assessment of costs authorized by statute and supported by record constitutes sufficient evidence).  We review the record in the light most favorable to the award in measuring the sufficiency of the evidence to support an assessment of costs.  *See Mayer*, 309 S.W.3d. at 557.

In its judgment of conviction, the trial court ordered appellant to pay $244 in court costs.  Although the clerk's record as originally filed did not contain a bill of costs, the district clerk supplemented the record with a computerized screen printout from the Harris County Justice Information Management System ("JIMS") after appellant filed his brief.  It shows court costs in appellant's case amounting to $244, the same amount the trial court ordered him to pay.  Appellant filed objections to this bill of costs on the grounds that it is not a "bill of costs" as provided for by the code of criminal procedure and violates his right to due process.

Appellant objected to the form of the bill of costs on the ground that although it is a certified copy, it is not a certified copy of a signed cost bill and,

11

thus, "simply is not a cost bill as contemplated and required by law." *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (Vernon 2006) (requiring written bill of costs signed by court officer charging the costs or entitled to receive payment). The document is, however, certified by the district clerk as "a true and correct copy of the original record filed and or recorded" in his office. The certification is signed by a deputy clerk on behalf of the district clerk, who is entitled to receive payment for court costs. *See id*. art. 103.003(a) (Vernon Supp. 2013). And the entire document, filed as a supplemental record, is supported by a separate certification that the documentation of costs constitutes "true and correct copies of all proceedings, instruments, and other papers specified by [TEX. R. APP. P. 34.5(a)] and matters designated by the parties pursuant to [TEX. R. APP. P. 34.5(b)] in Cause No. 1297122, styled JOSEPH L. EWELLS vs. The State of Texas in said court." We conclude that this documentation substantially satisfies article 103.001 because the bill is "written," contains "the items of cost," and is "signed" by a deputy clerk on behalf of the district clerk, who is "the officer who is entitled to receive payment for the cost." Accordingly, we conclude that the clerk's record contains a cost bill that complies with the statutory requirements found in the code of criminal procedure.

In regard to appellant's assertion that there is insufficient evidence to support the $244 assessed in costs, we note that the assessment itemizes various

costs incurred in appellant's case. It calculates a total of $244—the amount of costs listed in the judgment, and each item of cost listed in the assessment is authorized by statute and supported by the record. The assessment lists a "Sheriff's Fee" of $25, which consists of $5 for "Commitment," $5 for "Release," $5 for "Arrest W/O Warrant/Capias," and $10 for "Taking: 01 Bonds." *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(1, 5–6) (Vernon Supp. 2013). Appellant was convicted of a felony in district court; therefore, the record supports each of the following costs listed in the assessment: "Clerk's Fee" of $40 (*see id*. art. 102.005(a) (Vernon 2006)); "Security Fee" of $5 (*see id*. art. 102.017(a) (Vernon Supp. 2012)); "Consolidated Court Costs" of $133 (*see* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (Vernon Supp. 2013)); "Jury Reimbursement Fee" of $4 (*see* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (Vernon Supp. 2012)); "DC Records Preservation" of $25 (*see id*. art. 102.005(f) (Vernon 2006)); "Support of Indigent Defense" of $2 (*see* TEX. LOC. GOV'T CODE ANN. § 133.107(a) (Vernon Supp. 2013)); and "Support of Judiciary Fee" of $6 (*see id*. § 133.105(a) (Vernon 2008)). The trial court also assessed further costs of $4 for a "Court Technology Fund." *See* TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) (Vernon Supp. 2013). The sum of these costs is $244, the amount the trial court's judgment ordered appellant to pay. Therefore, we hold that sufficient evidence supports the

13

assessment of costs in the judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 103.009(c) (Vernon 2006).

Finally, appellant objects to the cost bill on the grounds that a cost bill must be created before rendition of judgment and this "newly created" bill of costs violates his right to due process because he did not have the opportunity to challenge the costs as it was not produced when he was sentenced and "it is too late" for him to object now. In support of his argument, appellant relies on *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009).

We note, however, that appellant has not been denied an opportunity to challenge the costs listed in the bill of costs. *See Cardenas*, 403 S.W.3d at 389. A contemporaneous objection in the trial court is not required to contest costs on direct appeal. *See Mayer*, 309 S.W.3d at 555–56; *Thomas*, 2013 WL 1163980, at *2. Thus, appellant was not procedurally prejudiced by his alleged inability to raise an objection in the trial court.

In addition to the ability to bring a direct appeal, appellant can also seek correction of an error in the cost bill by moving the trial court to correct costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008(a) (Vernon 2006) ("On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct an error in the costs."). We explained in *Cardenas*

14

that "*Harrell* did not address the article 103.008 procedure for correcting court costs. And, in any case, [*Harrell*] does not purport to specify the only means by which a criminal defendant can contest an assessment of court costs." *Cardenas,* 403 S.W.3d at 384 ("*Harrell* is procedurally distinguishable because it was a civil proceeding filed by a prison inmate who challenged the withdrawal of funds from his trust account to pay court costs, but did not challenge the amount of costs assessed."). Additionally, a civil post-judgment hearing to collect costs provides yet another due process avenue to prevent error via clerical or other errors. *See Harrell*, 286 S.W.3d at 320–21. Accordingly, we hold that appellant has not been procedurally prejudiced by an inability to raise objections to the assessed court costs, nor has his right to due process been denied.

We overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

15