**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:      Steve Lee Dorsey v. The State of Texas

Appellate case number:    01-13-01022-CR

Trial court case number:  1249910

Trial court:                       209th District Court of Harris County

Appellant, Steve Lee Dorsey, pleaded guilty and was convicted of the offense of aggravated robbery with a deadly weapon. The clerk's record shows that the trial court appointed appellant trial counsel on several occasions, including appointing Casey Garrett on June 7, 2011. On March 27, 2012, the trial court granted appellant's motion to substitute and Ronald Ray was substituted for Casey Garrett as appellant's trial counsel. The record does not indicate whether Ronald Ray was retained counsel or appointed counsel. Although appellant was represented by Ronald Ray in the trial court and no motion to withdraw or order permitting counsel to withdraw appears in the record, appellant filed his notice of appeal pro se, and the trial court clerk has indicated that appellant's appellate attorney of record is "to be determined." In his notice of appeal, appellant states that he is indigent and requests the appointment of appellate counsel.

Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Ronald Ray, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1)  determine whether appellant wishes to prosecute the appeal;

---

[1]  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(2) if appellant does wish to prosecute the appeal, determine whether counsel, Ronald Ray, should be permitted to withdraw[2];

(3) if counsel is permitted to withdraw, enter a written order granting his request to withdraw and determine whether appellant is indigent;

(4) if appellant is indigent,
   a. appoint counsel on appeal at no expense to appellant;
   b. order the court reporter to file the reporter's record with this Court at no cost to appellant;

(5) if appellant is not indigent,
   a. determine whether he has retained an attorney to represent him on appeal, and, if so, obtain the name, address, and telephone number of retained counsel;
   b. if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and
      i. determine whether appellant has knowingly and intelligently waived his right to counsel; or
      ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney

(6) make any other findings and recommendations the trial court deems appropriate; and

(7) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04(j)(2), (p) (West Supp. 2013); *Whitehead v. State*, 130 S.W.3d 866, 879 (Tex. Crim. App. 2004); *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003); *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Hawkins v. State*, 613 S.W.2d 720, 722–23 (Tex. Crim. App. 1981); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

---

[2] Pursuant to the Code of Criminal Procedure, counsel continues to represent Ronald Ray, because he has not been discharged by the trial court and the appeal has not been exhausted. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2013) (requiring appointed attorney to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record").

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley

☑ Acting individually ☐ Acting for the Court

Date: February 25, 2014