COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON APPELLANT'S MOTION TO EXTEND TIME
AND ABATING APPEAL

Appellate case name:    Salvador Bautista Gonzales v. The State of Texas

Appellate case number:  01-13-01037-CR

Trial court case number:  1377236

Trial court:             351st District Court of Harris County

It is the general practice of this court under ordinary circumstances to grant up to—but no more than—three 30-day extensions of time to file an appellant's brief. Because over four months have passed since the appellant's brief in this case was originally due, and due to other procedural circumstances explained below, the pending motion to extend time is denied, and the appeal shall be abated.

Appellant Salvador Gonzales pleaded guilty to the offense of intoxicated assault. The reporter's record indicates that "there was no agreement between he and the State as to the punishment in the case." 1 RR 3. Gonzalez was sentenced to 10 years of confinement, and he was denied bail pending appeal. The trial court certified that this "is not a plea-bargain case, and the defendant has the right of appeal." A notice of appeal was filed on November 13, 2013.

The appellant's brief was originally due on February 6, 2014. Almost two weeks after that initial deadline had already expired, on February 18, 2014, appellant's counsel filed his first motion for an extension of time to file the brief. The requested extension was promptly granted on the next day, making the brief due on March 18, 2014. No brief or motion for further extension of time was filed by that date, and this court issued a notice of late brief on March 20, 2014. TEX. R. APP. P. 38.8(b)(2). Appellant's counsel then filed a second motion for extension of time on March 31, 2014, requesting an extension until April 1, 2014, which was granted. A third motion for extension of time was then filed on April 1, 2014,

clarifying that the request for an extension until April 1 was a mistake, and requesting an extension until May 1, 2014. This motion was granted, and appellant's counsel was notified as follows:

> Please be advised that on this date the Court GRANTED appellant's motion to extend time to file brief in the above cause; time extended to and including May 1, 2014, *with no further extensions*. If the brief is not filed by that date the case will be abated for a hearing to determine (a) whether the appellant desires to prosecute his appeal; (b) whether appellant is indigent; (c) if not indigent, whether appellant has abandoned the appeal or whether appellant has failed to make necessary arrangements for filing a brief; (d) the reason for the failure to file a brief; (e) if the appellant desires to continue the appeal, a date certain when appellant's brief will be filed.

(Emphasis supplied.) That order was consistent with Rule 38.8(b) and this court's ordinary policy of granting up to, but no more than, three extensions of 30 days to file the brief—which in this case would have meant that the final deadline for the brief would have been no later than May 7.

On May 13, 2014, another late brief notice was issued pursuant to Rule 38.8(b)(2) and, on the same day, appellant's counsel filed yet another motion for extension of time to file a brief. Counsel's motion explained the following:

> This case involves an appeal from a plea of guilty and punishment following a presentence investigation. It is counsel's experience that without exception in Harris County, written waivers of jury, stipulations and judicial confessions are filed in connection with such pleas. While preparing to write an *Anders* brief, counsel discovered that those documents were not in the clerk's record prepared for the appeal. Counsel checked with the Harris County District Clerk's Office and they were unable to locate those documents in the file. Counsel is requesting an extension of 30 days, until June 6, 2014, or in the alternative a temporary abatement so that counsel can confer with the District Attorney's Office and attempt to locate the missing documents.

The June 6, 2014 deadline proposed in counsel's motion has passed and a brief still has not been filed in this case. Moreover, the clerk's record has not been supplemented to include the plea documents referenced by counsel's motion.

The motion for extension of time is **DENIED,** and the case shall be abated in conformance with the provisions of Rule 38.8(b)(2), which applies when appellant's brief is not timely filed.

With respect to the abatement, it is notable that the reporter's record in this case was filed on December 17, 2013 and the clerk's record was filed on January 7, 2014. Ordinarily, a brief is due within 30 days of the filing of the record, *see* TEX. R. APP. P. 38.6, which means that the rules contemplate that counsel shall *promptly* review the record and evaluate whether it is adequate in order to prepare and timely file an appellate brief within that 30-day period. As noted by appellant's counsel, this case involved a guilty plea, and the absence of the documentation that counsel expected to find in the record could have been easily and immediately ascertained upon the filing of the clerk's record. But in this case, four months after the clerk's record was filed, appellant's counsel filed a motion requesting an extraordinary extension of time to facilitate an ordinary supplementation of the record which could have been commenced immediately upon the filing of the record, or at any time during the intervening four months, had there been any prior diligence in the prosecution of this appeal. *See* TEX. R. APP. P. 34.5(c), (d), (e). Instead, months passed without any apparent utilization of any of the procedural tools available to promptly supplement the record to facilitate counsel's analysis of the appeal. Moreover, a full month has passed since counsel filed his last motion to extend, counsel still has not filed a brief, and the record has not been supplemented with the documents that counsel said were needed to facilitate his work.

It is also a concern that the motion filed by appellant's counsel suggests that he was "preparing to write an *Anders* brief" when he "discovered that those documents were not in the clerk's record." This indicates that despite the irregularities counsel has described in the clerk's record, rather than zealously investigating and preparing to pursue those irregularities as potential points of error, he had instead at least preliminarily concluded that there were no appealable issues in the case. *See, e.g.*, *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) ("The so-called '*Anders*' brief accompanies the motion to withdraw as an assurance to the appellate court that the attorney has indeed made a thorough and conscientious examination of the record, has provided the appellate court with the appropriate facts of the case and its procedural history, and has pointed out any potentially plausible points of error.").

In the first motion to extend time, filed on February 18, 2014, appellant's counsel stated that he "has been working on several other appellate briefs and trial matters and has been unable to complete the brief." In the subsequent motion filed on March 31, 2014, he stated that he "has been working on several other appellate

briefs and was in three murder trials in the last two months and has been unable to complete the brief." In light of the failure to diligently prepare and prosecute this appeal, these explanations suggest that counsel has accepted responsibility for more work than he has the capacity to timely handle.

In summary, appellant's brief is very late. The record before this court strongly suggests a lack of diligent prosecution of this appeal during the five months that have passed since the record was filed. The motion filed requesting an extension of time gives us no confidence that appropriate steps have been taken to timely present an appellant's brief (or in appropriate circumstances, a motion to withdraw), or that the requested extension or an indefinite "temporary abatement" would produce such a result. Indeed, appellant's counsel has failed to file a brief by the June 6, 2014 deadline proposed in counsel's latest motion for extension of time.

On May 13, 2014, the appellate clerk notified the trial court of the fact that an appellant's brief has not been timely filed in this case. *See* TEX. R. APP. P. 38.8(b)(2). Ten days have passed and, for the foregoing reasons, appellant's May 13, 2014 motion to extend time is not a satisfactory response. *See id.* Accordingly, we abate the appeal and remand the cause to the trial court to immediately conduct the hearing described Rule 38.8(b)(2) & (3) at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel, J. Sidney Crowley, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[*]

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;

2) If appellant wishes to pursue this appeal, determine whether good cause exists to relieve J. Sidney Crowley of his duties as appellant's counsel, specifically addressing whether counsel's failure to timely

---

[*]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

4

file a brief constitutes good cause for his removal;

    a. If good cause exists to remove counsel, the trial court shall enter a written order relieving J. Sidney Crowley of his duties as appellant's counsel, including in the order the basis for finding good cause for his removal, and appoint substitute appellate counsel, at no expense to appellant, who is available to immediately begin work on this appeal in light of the time that has already passed since appellant's brief was due;

    b. If good cause does not exist to remove counsel, the trial court shall provide a final deadline by which J. Sidney Crowley must file appellant's brief, which shall be no more than 20 days from the date of the hearing;

3) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and

4) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2), (p), (g) (West Supp. 2013); TEX. R. APP. P. 38.8(b); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

    The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

    The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Michael Massengale
                        Acting individually


Date:  June 12, 2014