COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        R. T. Hardge v. The State of Texas

Appellate case number:    01-15-00815-CR

Trial court case number:    1223224

Trial court:                        180th District Court of Harris County

A jury convicted appellant, R. T. Hardge, of capital murder and the trial court assesses his punishment at confinement for life. On February 6, 2014, the trial court appointed Tanya Rolland to represent appellant for the purpose of post-conviction DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2015). On July 10, 2015, the trial court granted the State's motion to deny DNA testing and signed findings of fact and conclusions of law, which include a finding that "the trial court appointed defense counsel, Tonya Rolland, to represent [appellant] for the purpose of his motion." The clerk's record filed in this Court contains no indication that appellant's appointed counsel moved to withdraw or that the trial court permitted her to withdraw. Nevertheless, appellant filed a *pro se* notice of appeal and no attorney has appeared in this Court on appellant's behalf.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings.  On remand, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel, Tanya Rolland, shall be present.  Appellant also shall be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing.[1]

---

[1]    Any teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound among the trial court, appellant, and any attorneys representing the State or appellant. On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

We direct the trial court to make appropriate written findings of fact and conclusions of law and sign any necessary orders on these issues:

1) Determine whether appellant wishes to pursue this appeal;
2) If appellant wishes to pursue this appeal, determine whether appellant's counsel, Tanya Rolland, intends to represent appellant on appeal or whether counsel should be permitted to withdraw;
3) If counsel is permitted to withdraw, enter a written order granting her request to withdraw and appoint substitute counsel at no expense to appellant;
4) If appellant wishes to pursue this appeal, order the court reporter to prepare and file with this Court the proceedings from the hearing on the motion for DNA testing without charge to appellant;
5) Make any other findings and recommendations the trial court deems appropriate; and
6) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); 64.01(c) (West Supp. 2015); *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011); *Gutierrez v. State*, 307 S.W.3d 318, 321, 322 (Tex. Crim. App. 2010); *see also Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1972) (requiring, after permitting appointed counsel to withdraw, trial court must either find appellant knowingly and voluntarily waived right to appointed counsel or appoint counsel); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, pet. ref'd) (order) ("When a trial court permits appointed counsel to withdraw, that court must appoint substitute counsel in the absence of a clear showing in the record that the defendant is no longer indigent or that the defendant desires to represent himself.").

The trial court shall have a court reporter record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 30 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ <u>Russell Lloyd</u>
                               ☒ Acting individually     ☐ Acting for the Court

Date:  December 17, 2015