Agustin **LOPEZ**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46148.

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

No attorney on appeal for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The offense is defrauding with a worthless check; the punishment, three years' confinement.

Appellant was represented at the trial court by appointed counsel after he filed an affidavit that he was too poor to employ counsel. On June 2, 1971, appellant was sentenced, and the appointed counsel gave notice of appeal. On June 7, 1971, appellant was granted bail in the amount of $1,500.00. On June 10, 1971, the court-appointed counsel was granted his motion to withdraw as counsel, since he had obtained full time employment with a government agency located in another city. Apparently, no further action was taken to appoint counsel on appeal. The record was approved on October 11, 1971.

The record reflects that on September 6, 1972, the trial judge granted a State's motion to forward the record to this Court. As of that date, no appellant's brief had been filed with the trial court. The trial court stated, " . . . there is no showing that he [appellant] is indigent and unable to employ counsel to represent him on appeal, and that diligent efforts have been made by the State to contact the Defendant without success."

Although a State's brief is on file with this Court, the appellant has yet to file a brief.

■ Initially, we must question the trial court's reasoning when it stated there was no showing the appellant is indigent. The court was on notice of appellant's indigency having appointed trial counsel pursuant to appellant's affidavit. Martin v. State, 441 S.W.2d 535 (Tex.Cr.App. 1969). When the court-appointed counsel was permitted to withdraw, either an inquiry should have been made as to whether appellant was knowingly and voluntarily waiving his right to appointed counsel on appeal, or appellant should have been afforded appointed counsel on appeal.

■ The proper remedy is to abate this appeal, so that the trial court can determine if the appellant employed an attorney for appeal or if appointed counsel was waived.[1] If this is true, that fact may be certified to this Court and the appeal returned to this Court together with the trial court's finding. If not true, the trial court should determine if appellant's rights were infringed by the appointed counsel's actions in withdrawing and if so, the trial court should take steps to provide effective aid of counsel on appeal and conduct such proceedings in that court as may be required under the provisions of Art. 40.09, Vernon's Ann.C.C.P.; Rodriguez v. State, 472 S.W.2d 517 (Tex.Cr.App.1971). See also Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811; Garza v. State, 433 S.W.2d 428 (Tex.Cr.App.1968); Akin v. State, 464 S.W. 2d 652 (Tex.Crim.App.1971).

The appeal is abated.

1. If the appellant does not appear after the matter has been set for a hearing, a bond forfeiture proceeding might serve to expedite the case.