TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00635-CR






Robert Longoria, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 99-962-K277, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING






O R D E R


PER CURIAM

The district court permitted appellant's appointed attorney to withdraw as attorney
of record after she filed the notice of appeal. No substitute attorney has been appointed. The record
does not contain a waiver of counsel on appeal. See Tex. Code Crim. Proc. Ann. art. 1.051(g) (West
Supp. 1999). There is no finding, following a hearing, that appellant is no longer indigent. The
record has been filed, and time for filing appellant's brief has begun to run. See Tex. R. App. P.
38.6(a). 

When a trial court permits appointed counsel to withdraw, that court must appoint
substitute counsel in the absence of a clear showing in the record that the defendant is no longer
indigent or that the defendant desires to represent himself. Ward v. State, 740 S.W.2d 794, 798 (Tex.
Crim. App. 1987); Lopez v. State, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); Fowler v. State,
874 S.W.2d 112, 114 (Tex. App.--Austin 1994, pet. ref'd). The district court is instructed to
immediately appoint substitute counsel to effectively represent appellant in this appeal. The district
court's order appointing substitute counsel shall be forwarded to the Clerk of this Court no later than
October 31, 2002.

It is ordered October 17, 2002.


Before Chief Justice Aboussie, Justices Patterson and Puryear

Do Not Publish