TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00342-CR






Fredrick Darrell Moore, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 10136, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING






O R D E R


PER CURIAM

Fredrick Darrell Moore filed a pro se notice of appeal and the clerk's record reflects
that he is not represented by counsel. Moore was represented by appointed counsel below. See Tex.
Code Crim. Proc. Ann. art. 26.04(j)(2) (West Supp. 2003) (appointed attorney shall represent
defendant until appeals are exhausted). The record does not contain a waiver of counsel on appeal. 
See Tex. Code Crim. Proc. Ann. art. 1.051(g) (West Supp. 1999). There is no finding, following a
hearing, that appellant is no longer indigent.

When a trial court permits appointed counsel to withdraw, that court must appoint
substitute counsel in the absence of a clear showing in the record that the defendant is no longer
indigent or that the defendant desires to represent himself. Ward v. State, 740 S.W.2d 794, 798 (Tex.
Crim. App. 1987); Lopez v. State, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); Fowler v. State,
874 S.W.2d 112, 114 (Tex. App.--Austin 1994, pet. ref'd). Therefore, the district court is instructed
to appoint counsel to effectively represent appellant in this appeal.

The clerk's record does not contain the district court's certification of the defendant's
right of appeal. See Tex. R. App. P. 25.2(d). The district court is ordered to prepare a certification
of the defendant's right of appeal that substantially conforms with the form promulgated by the court
of criminal appeals, to present the certification to appellant's counsel, and to file the completed and
signed certification with the district clerk. See Tex. R. App. P. 34.5(c), 37.1. 

Upon receipt of the order appointing counsel and the certification of the defendant's
right of appeal, the district clerk shall prepare a supplemental clerk's record and tender it for filing
no later than July 11, 2003.

It is ordered June 20, 2003.


Before Chief Justice Law, Justices B. A. Smith and Puryear

Do Not Publish