COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Scott Fancher v. The State of Texas

Appellate case number:   01-12-00064-CR

Trial court case number:  1745796

Trial court:                     County Criminal Court at Law No. 6 of Harris County

The complete record has been filed in the above-referenced appeal. Appellant's appointed counsel, Michael Antalan, has not filed a brief on appellant's behalf. On August 16, 2012, the Clerk of the Court notified appellant that a brief had not yet been filed and required a response within 10 days. *See* TEX. R. APP. P. 38.8(b)(2). Appellant did not respond.

We therefore abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Michael Antalan, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1)  determine whether appellant wishes to prosecute the appeal;
(2)  if appellant does wish to prosecute the appeal, determine whether counsel's motion to withdraw, filed in the trial court as part of the notice of appeal on January 11, 2012, should be granted[2] or whether good cause exists to relieve Michael Antalan of

---

1      Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

2      Although counsel included a motion to withdraw in the notice of appeal, no order granting the motion appears in the record. Consequently, counsel continues to represent

his duties as appellant's counsel;

(3) if the motion should be granted or good cause exists, enter a written order granting the motion or relieving Michael Antalan of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4) if the motion should not be granted and good cause does not exist, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2), (p) (West Supp. 2012); TEX. R. APP. P. 38.8(b); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
☑ Acting individually   ☐ Acting for the Court

Date: February 8, 2013

---

appellant in this appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2012) (requiring appointed attorney to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record").