COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Felicia Yvonne Polk v. The State of Texas

Appellate case number:   01-12-00895-CR

Trial court case number:  1264461

Trial court:                    263rd District Court of Harris County

Appellant, Felicia Yvonne Polk, pleaded true to the allegations in a motion to adjudicate her guilt and was convicted of the offense of aggravated assault with a deadly weapon. Although Polk was represented by appointed counsel, Jerome Godinich, Jr., in the trial court and no motion to withdraw or order permitting counsel to withdraw appears in the record, Polk filed her notice of appeal pro se, and the trial court clerk has indicated that Polk's appellate attorney of record is "to be determined." Further, although the complete record has been filed, Polk has not filed a brief and no attorney has appeared in this Court on Polk's behalf.

Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Jerome Godinich, Jr., shall be present. TEX. R. APP. 38.8(b)(2). At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1) determine whether appellant wishes to prosecute the appeal;
(2) if appellant does wish to prosecute the appeal, determine whether counsel, Jerome Godinich, Jr., should be permitted to withdraw[2];

---

[1]  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

[2]  Pursuant to the Code of Criminal Procedure, counsel continues to represent Polk, because he has not been discharged by the trial court and the appeal has not been exhausted. *See*

(3) if Godinich is permitted to withdraw, enter a written order granting withdrawal and appoint substitute appellate counsel at no expense to appellant;

(4) if Godinich is not permitted to withdraw, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2), (p) (West Supp. 2012); TEX. R. APP. P. 38.8(b); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Jim Sharp

☑ Acting individually ☐ Acting for the Court

Date: May 9, 2013

---

TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2012) (requiring appointed attorney to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record").