**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:      Felicia Yvonne Polk v. The State of Texas

Appellate case number:    01-12-00895-CR

Trial court case number:  1264461

Trial court:              263rd District Court of Harris County

On May 9, 2013, we abated this appeal and remanded the case to the trial court to determine whether appellant, Felicia Yvonne Polk, still wishes to prosecute this appeal and, if so, to resolve the question of who will be representing her on appeal. The trial court held a hearing on our order on May 28, 2013, and the court reporter has filed the reporter's record of the hearing. At the hearing, Polk, who was present, affirmed her desire to prosecute this appeal. Polk's counsel, Jerome Godinich, Jr., who was appointed to represent Polk during the proceedings in the trial court, was not present at the hearing. Nevertheless, the court coordinator stated on the record, and the trial court informed Polk, that Mr. Godinich is handling the appeal. Nothing in the record, however, indicates that counsel is aware of this appeal, and, although no motion to withdraw appears in the record, Polk filed her notice of appeal pro se, the trial court clerk's letter of assignment indicates that counsel is "to be determined," and Polk's brief has not been timely filed. Further, the trial court failed to address whether Mr. Godinich intends to represent appellant on appeal or intends to withdraw, to determine whether he will be permitted to withdraw if he moves to do so, and to set a date certain when Polk's brief is due if Mr. Godinich does not move, or is not permitted, to withdraw.

Accordingly, we continue the abatement of this appeal and remand for the trial court to immediately conduct another hearing **at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Jerome Godinich, Jr., shall be present**. TEX. R. APP. 38.8(b)(2). At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1      Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and her counsel shall be able to

The trial court is directed to:

(1) determine whether counsel, Jerome Godinich, Jr., seeks to withdraw and, if so, whether he should be permitted to do so[2];

(2) if Godinich is permitted to withdraw, enter a written order granting withdrawal and appoint substitute appellate counsel at no expense to appellant;

(3) if Godinich is not permitted or does not seek to withdraw, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(4) make any other findings and recommendations the trial court deems appropriate; and

(5) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2), (p) (West Supp. 2012); TEX. R. APP. P. 38.8(b); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties, including the Harris County District Attorney's office and counsel, Jerome Godinich, Jr., of such date.

It is so ORDERED.

Judge's signature: /s/ Jim Sharp

☑ Acting individually    ☐ Acting for the Court

Date: June 5, 2013

---

communicate privately without being recorded or heard by the trial court or the attorney representing the State.

2    Counsel continues to represent Polk, because he has not been discharged by the trial court and the appeal has not been exhausted. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2012).