**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:        Pamela Jamison v. The State of Texas

Appellate case number:     01-13-00360-CR

Trial court case number:    57582

Trial court:                300th District Court of Brazoria County

The Clerk of the Court has examined the clerk's record and has found that it does not comport with the Texas Rules of Appellate Procedure, in that it does not include a copy of the trial court's certification of appellant's right of appeal. *See* TEX. R. APP. P. 25.2(d), 34.5(a)(12). This order constitutes notice to all parties of the defective certification. *See* TEX. R. APP. P. 37.1.

Further, appellant was represented in the trial court by appointed counsel, Bill Leathers, and the record contains no indication that appellant's counsel moved to withdraw or was permitted to withdraw. Nevertheless, appellant's notice of appeal was filed pro se and no attorney has appeared in this Court on appellant's behalf.

According to the trial court's docket sheet, "[b]ased upon evidence, [the trial] court revoked [appellant's] indigent status" and the "Defendant's status as indigent [was] revoked based upon evidence." However, a docket sheet is not part of the record on appeal. *See Zelaya v. State*, Nos. 01-11-0977-CR, 01-11-00978-CR, 01-11-00979-CR, 2013 WL 127439, at *1 (Tex. App.—Houston [1st Dist.] Jan. 10, 2013, no pet.) (not designated for publication). And, pursuant to the Code of Criminal Procedure, Bill Leathers continues to represent Jamison, because he has not been discharged by the trial court and the appeal has not been exhausted. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2013) (requiring appointed attorney to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record"). Further, if Bill Leathers was permitted to withdraw, appellant is entitled to a new court-appointed counsel, unless she, her counsel, or the attorney representing the State moved for reconsideration of the trial

court's determination that she is indigent and the trial court found that a material change in her financial circumstances occurred. *See id.* art. 26.04(p); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

We therefore abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Bill Leathers, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to:

1) Execute a certification of appellant's right to appeal indicating whether or not appellant has the right of appeal;
2) Determine whether appellant still wishes to pursue this appeal;
3) If appellant wishes to pursue this appeal, determine whether appellant's counsel, Bill Leathers, intends to represent appellant on appeal or whether counsel should be permitted to withdraw;
4) If counsel is permitted to withdraw, enter a written order granting his request to withdraw and determine whether appellant is currently indigent or whether there has been a material change in her financial circumstances since the trial court's November 8, 2010 order finding her to be indigent such that she is no longer indigent;
5) If appellant is either currently indigent or there has not been a material change in her financial circumstances, appoint substitute appellate counsel at no expense to appellant;
6) If appellant is not currently indigent and there has been a material change in her financial circumstances:
    a. Enter written findings of fact establishing the material change in appellant's financial circumstances;
    b. Admonish appellant regarding the dangers and disadvantages of self-representation, and
        i. If appellant wishes to knowingly and intelligently waive her right to counsel, obtain a written waiver of the right to counsel; or,
        ii. if appellant does not wish to proceed pro se, provide a

---

[1] On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

deadline by which appellant must hire an attorney, which shall be no later than 30 days from the date of the hearing;

7) Make any other findings and recommendations the trial court deems appropriate; and

8) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f); 26.04(j)(2), (p); TEX. R. APP. P. 25.2(a)(2), (d); *Ward*, 740 S.W.2d at 798; *Lopez*, 486 S.W.2d at 560; *Fowler*, 874 S.W.2d at 114.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 30 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
⊠ Acting individually     ☐ Acting for the Court

Date:  February 11, 2014