COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Khutsana Kenya Davis v. The State of Texas

Appellate case number:    01-13-00762-CR

Trial court case number:   1323141

Trial court:               262nd District Court of Harris County

       Appellant, Khutsana Kenya Davis, pleaded true to the allegations in a motion to adjudicate her guilt and was convicted of the offense of possession of a controlled substance. Although Davis was represented by appointed counsel, Kurt Gumberger, in the trial court and no motion to withdraw or order permitting counsel to withdraw appears in the record, Davis filed her notice of appeal pro se, and the trial court clerk has indicated that Davis's appellate attorney of record is "to be determined." Further, although the complete record has been filed, Davis has not filed a brief and no attorney has appeared in this Court on Davis's behalf.

       Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Kurt Gumberger, shall be present. TEX. R. APP. 38.8(b)(2). At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

       The trial court is directed to:

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(1) determine whether appellant wishes to prosecute the appeal;

(2) if appellant does wish to prosecute the appeal, determine whether counsel, Kurt Gumberger, should be permitted to withdraw[2];

(3) if Gumberger is permitted to withdraw, enter a written order granting withdrawal and appoint substitute appellate counsel at no expense to appellant;

(4) if Gumberger is not permitted to withdraw, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2), (p) (West Supp. 2013); TEX. R. APP. P. 38.8(b); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
               ☒ Acting individually     ☐ Acting for the Court

Date: March 11, 2014

---

2     Pursuant to the Code of Criminal Procedure, counsel continues to represent Davis, because he has not been discharged by the trial court and the appeal has not been exhausted. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2013).