COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:    Darius Damascus Briggs v. The State of Texas

Appellate case number:    01-13-00291-CR

Trial court case number:    12-04-03646 CR

Trial court:    435th District Court of Montgomery County

Appellant, Darius Damascus Briggs, was convicted by a jury of the offence of Violation of Civil Commitment and sentenced to life imprisonment. The complete record was filed in the above-referenced appeal on April 26, 2013, making appellant's brief due on May 28, 2013. *See* TEX. R. APP. P. 38.6(a). On June 20, 2013, we sent notice that the time for filling appellant's brief had expired and stated that "[i]f this Court does not receive a motion requesting an extension of time along with appellant's brief or a motion to extend time to file appellant's brief within ten (10) days of the date of this notice, it must order the trial court to immediately conduct a hearing on the record to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, of not indigent, whether counsel has abandoned the appeal, and to make appropriate findings and recommendations." Although appellant was represented by appointed counsel, Jarrod L. Walker, in the trial court and no motion to withdraw or order permitting counsel to withdraw appears in the record, counsel for appellant has not responded and no brief has been filed on appellant's behalf.[1]

Accordingly, we abate the appeals and remand the cause to the trial court to conduct a hearing at which a representative of the Montgomery County District Attorney's Office and appellant's trial counsel, Jarrod L. Walker, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[2]

---

[1]    Pursuant to the Code of Criminal Procedure, counsel continues to represent appellant, because he has not been discharged by the trial court and the appeal has not been exhausted. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2013).

[2]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;
2) If appellant does wish to pursue this appeal, then determine whether Jarrod L. Walker should be permitted to withdraw;
3) If counsel is permitted to withdraw, then:
   a. Determine whether appellant is now indigent, and if appellant is indigent, appoint substitute appellate counsel at no expense to appellant;
   b. If appellant is not indigent, admonish appellant regarding the dangers and disadvantages of self-representation, and:
      1. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel; or,
      2. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney;
4) Make any other findings and recommendations the trial court deems appropriate; and
5) Forward a record of the proceedings, together with any findings and orders regarding appellate representation.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2), (p), (g) (West Supp. 2013); TEX. R. APP. P. 38.8(b); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

The trial court shall conduct the hearing and make appropriate orders within 30 days of the date of this order. The trial court reporter and clerk are directed to file supplemental records containing the trial court's findings and orders with this Court within 45 days of the date of this order.

The appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Justice Jane Bland
☒ Acting individually ☐ Acting for the Court

Date: March 18, 2014