

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

MEMORANDUM ORDER

Appellate case name:      Edward Flores v. The State of Texas

Appellate case number:   01-13-00295-CR

Trial court case number:  12-08-08659CR

Trial court:                    9th District Court of Montgomery County

Appellant, Edward Flores, was convicted of the offense of possession of a controlled substance and sentenced to life imprisonment. The complete record was filed in the above-referenced appeal on May 30, 2013, making appellant's brief due on July 1, 2013. *See* TEX. R. APP. P. 38.6(a). On December 9, 2013, appellant's counsel filed a "Motion to Remand Case to Trial Court," requesting that we remand the case to the trial court to develop facts outside of the record. On December 31, 2013, we entered an order denying the motion, informing appellant that the time for filing his brief had expired, and ordering appellant to file his brief and a motion showing extraordinary circumstances for extending the time for filing his brief within ten (10) days. Although appellant is represented by appointed counsel in this appeal and no motion to withdraw or order permitting counsel to withdraw appears in the record, counsel for appellant has not responded to our order and no brief has been filed on appellant's behalf.

Accordingly, we abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Montgomery County District Attorney's Office and appellant's counsel, Scott Pawgan, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[*]

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;

2) If appellant wishes to pursue this appeal, determine whether good cause exists to

---

[*]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

relieve Scott Pawgan of his duties as appellant's counsel, specifically addressing whether counsel's failure to file a brief after more than eight months from the original deadline have passed and whether his failure to comply with this Court's order to file a brief by January 10, 2014 constitute good cause for his removal;

    a. If good cause exists to remove counsel, the trial court shall enter a written order relieving Scott Pawgan of his duties as appellant's counsel, including in the order the basis for finding good cause for his removal, and appoint substitute appellate counsel at no expense to appellant;

    b. If good cause does not exist to remove counsel, the trial court shall provide a deadline by which Scott Pawgan must file appellant's brief, which shall be no more than 30 days from the date of the hearing;

3) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and

4) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2), (p), (g) (West Supp. 2013); TEX. R. APP. P. 38.8(b); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Justice Michael Massengale
        ☒ Acting individually    ☐ Acting for the Court

Date: March 25, 2014