COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Alfredo Rodriguez, Jr. v. The State of Texas

Appellate case number:      01-14-00394-CR

Trial court case number:    1931465

Trial court:                          County Criminal Court at Law No. 9 of Harris County

On November 24, 2013, the State filed an information charging appellant with the misdemeanor offense of assault. Appellant filed a request for counsel and a pauper's oath declaration, and, on December 3, 2013, the trial court found appellant indigent and appointed Andrew D. Martin to represent him. On April 9, 2014, a jury found appellant guilty. On May 6, 2014, appellant and counsel timely filed a notice of appeal. On the same day, counsel also filed a motion to withdraw in the trial court, stating that appellant "desires to hire other counsel to perfect an appeal."

On June 3, 2014, counsel filed a "motion to withdraw as attorney of record" in this Court. In the motion, counsel states that he "wishes to withdraw because said Alfredo Rodriguez, Jr. desire [sic] to hire another attorney to represent him on appeal." The motion provides a mailing address for appellant, but it fails to state that appellant has been served with a copy of the motion or notified of his right to object to the motion and it fails to provide a list of the current deadlines in the case. *See* TEX. R. APP. P. 6.5(a)(1), (3), (4).

The record contains an order of the trial court granting the motion to withdraw that counsel filed in the trial court. The record does not, however, indicate that appellant was admonished about proceeding pro se, that appellant desires to proceed pro se, or that appellant retained an attorney for his appeal, nor does it contain an order appointing appellate counsel or a deadline for hiring appellate counsel. Further, although counsel

states in both the motion to withdraw filed in the trial court and the motion filed in this Court that appellant wants to "hire" appellate counsel, the record does not show a change in appellant's financial circumstances or a voluntary waiver of appellate counsel.

An appellant has a right to counsel on direct appeal from a criminal conviction. *See Buntion v. Harmon*, 827 S.W.2d 945, 948 (Tex. Crim. App. 1992); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(a) (West Supp. 2013). Further, because appellant was found indigent by the trial court and the record contains no evidence that appellant's financial circumstances have changed, appellant is entitled to court-appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1), 26.04(p); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Andrew D. Martin, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;
2) Admonish appellant regarding the dangers and disadvantages of self-representation, including admonishments regarding the wisdom and practical consequences of self-representation and that there are rules of appellate procedure that appellant will be obligated to follow and that he will not be granted any special consideration because of his lack of formal training in law;
3) Determine whether appellant intends and has the resources to hire counsel;
   a. If so, provide a deadline by which appellant must hire counsel, which shall be no more than 30 days from the date of the hearing;
   b. If not, appoint counsel to represent appellant on appeal;
4) At the conclusion of the hearing, the trial court shall discharge counsel

---

[1] On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

Andrew D. Martin from representation of appellant in this appeal;
5) Make any other findings and recommendations the trial court deems appropriate; and
6) Issue written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f); 26.04(j)(2), (p); *Ward*, 740 S.W.2d at 798; *Lopez*, 486 S.W.2d at 560; *Fowler*, 874 S.W.2d at 114; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing. A supplemental clerk's record containing any findings, recommendations, and orders of the trial court made pursuant to this order shall be sent to this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c). If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so **ORDERED**.

Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
                ☒ Acting individually    ☐ Acting for the Court

Date: June 24, 2014