COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Tristan Omarr Armstrong v. The State of Texas

Appellate case number:     01-14-00560-CR

Trial court case number:    2013CR5695

Trial court:                226th Judicial District Court of Bexar County

On May 29, 2014, appellant was convicted after a jury trial of the felony offense of evading arrest/detention with a vehicle for which he received a sentence of two years confinement, but has since been released on bond. The trial court found appellant indigent and appointed Michael Scott Zimmerer to represent him on appeal. On June 6, 2014, appellant's counsel timely filed a notice of appeal. On July 1, 2014, pursuant to the Texas Supreme Court's equalization order, signed June 23, 2014, this appeal was transferred to this Court.

On August 4, 2014, counsel filed an unopposed motion to withdraw as appointed appellate counsel in the trial court alleging that Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct prohibits his representation because he is married to an Assistant District Attorney in the Appellate Section of the Bexar County District Attorney's Office. The motion requests that this Court grant counsel's withdrawal and order the trial court to appoint substitute counsel for appellant. Counsel further contends that no prejudice will occur to appellant if this motion is granted because there are no pending deadlines since neither the clerk's or reporter's record have been filed and appellant's signature shows his consent to this motion to withdraw. *See* TEX. R. APP. P. 6.5(a)(1), (3), (4).

An appellant has a right to counsel on direct appeal from a criminal conviction. *See Buntion v. Harmon*, 827 S.W.2d 945, 948 (Tex. Crim. App. 1992); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(a) (West Supp. 2013). Further, because appellant

was found indigent by the trial court and the record contains no evidence that appellant's financial circumstances have changed, appellant is entitled to court-appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1), 26.04(p); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing at which a representative of the Bexar County District Attorney's Office and appellant's counsel, Michael Scott Zimmerer, shall be present. Appellant shall also be present for the hearing in.[1]

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;
2) Admonish appellant regarding the dangers and disadvantages of self-representation, including admonishments regarding the wisdom and practical consequences of self-representation and that there are rules of appellate procedure that appellant will be obligated to follow and that he will not be granted any special consideration because of his lack of formal training in law;
3) Determine whether appellant intends and has the resources to hire counsel;
   a. If so, provide a deadline by which appellant must hire counsel, which shall be no more than 30 days from the date of the hearing;
   b. If not, appoint counsel to represent appellant on appeal;
4) At the conclusion of the hearing, the trial court shall discharge counsel Michael Scott Zimmerer from representation of appellant in this appeal;
5) Make any other findings and recommendations the trial court deems appropriate; and
6) Issue written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f); 26.04(j)(2), (p); *Ward*, 740 S.W.2d at 798; *Lopez*, 486 S.W.2d at 560; *Fowler*, 874 S.W.2d at 114; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing. A supplemental clerk's record containing any findings, recommendations, and orders of the

---

[1] On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

trial court made pursuant to this order shall be sent to this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c). If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so **ORDERED**.


Judge's signature: /s/ <u>Evelyn V. Keyes</u>
                        ☒ Acting individually    ☐ Acting for the Court

Date: August 19, 2014