COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Corbik Reece v. The State of Texas

Appellate case numbers:   01-14-00484-CR, 01-14-00485-CR

Trial court case numbers:  1338724, 1338725

Trial court:                        174th Judicial District Court of Harris County

On June 17, 2013, the trial court certified that appellant had the right to appeal in both of the above related trial court cases. On May 1, 2014, appellant was convicted after pleading guilty to two counts of aggravated robbery with a deadly weapon for which he received two concurrent prison sentences of twenty years. However, in the judgments of conviction in both causes, the trial court also made special findings of "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." Thus, the judgments appear to be inconsistent with the certifications. This order constitutes notice to all parties of the apparent defective certifications of the right of appeal. *See* TEX. R. APP. P. 37.1.

Furthermore, an eligible indigent appellant has a right to appointed counsel on direct appeal from a criminal conviction. *See Buntion v. Harmon*, 827 S.W.2d 945, 948-49 (Tex. Crim. App. 1992); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (West Supp. 2013). Although the trial court had found appellant indigent and appointed counsel, Randolph Earl Roll, on October 9, 2013, the clerk's record contains no post-judgment indication that Mr. Roll moved to withdraw or was permitted to withdraw. *See* TEX. R. APP. P. 6.3(b)(3). Nevertheless, appellant's May 30, 2014 notices of appeal were filed *pro se*, with "TO BE DETERMINED" listed as appellate attorney of record by the trial clerk and, thus, no attorney has appeared in this Court on appellant's behalf. On September 2, 2014, appellant filed a *pro se* letter-motion for an extension of time to file his appellate brief. On September 29, 2014, appellant filed another *pro se* letter seeking a response to his extension motion and requesting the appointment of counsel because he is indigent.

Pursuant to the Code of Criminal Procedure, Randolph Earl Roll continues to represent appellant because he has not been discharged by the trial court via written order included in the clerk's records, and the appeals have not been exhausted. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2013) (requiring appointed attorney to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record"). In addition, even if Randolph Earl Roll were permitted to withdraw, appellant is entitled to a new court-appointed counsel, unless his counsel, or the attorney representing the State, moved for reconsideration of the trial court's determination that he is indigent and the trial court found that a material change in his financial circumstances occurred. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

We therefore abate these appeals and remand the causes to the trial court for further proceedings. On remand, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel, Randolph Earl Roll, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system.[1]

We direct the trial court to:

1) Execute an amended certification of appellant's right to appeal indicating whether or not appellant has the right of appeal in both trial cause numbers;
2) Determine whether appellant still wishes to pursue these appeals;
3) If appellant wishes to pursue these appeals, determine whether appellant's counsel, Randolph Earl Roll, intends to represent appellant on these appeals or whether counsel should be permitted to withdraw;
4) If counsel is permitted to withdraw, enter a written order granting his request to withdraw and determine whether appellant is currently indigent or whether there has been a material change in his financial circumstances since the trial court's October 9, 2013 order finding him to be indigent such

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

that he is no longer indigent;

5) If appellant is either currently indigent or there has not been a material change in his financial circumstances, appoint substitute appellate counsel at no expense to appellant;

6) If appellant is not currently indigent and there has been a material change in his financial circumstances:

    a. Enter written findings of fact establishing the material change in appellant's financial circumstances;

    b. Admonish appellant regarding the dangers and disadvantages of self-representation, and

        i. If appellant wishes to knowingly and intelligently waive his right to counsel, obtain a written waiver of the right to counsel; or,

        ii. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney, which shall be no later than 30 days from the date of the hearing;

7) Make any other findings and recommendations the trial court deems appropriate; and

8) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f); 26.04(j)(2), (p); TEX. R. APP. P. 25.2(a)(2), (d); *Ward*, 740 S.W.2d at 798; *Lopez*, 486 S.W.2d at 560; *Fowler*, 874 S.W.2d at 114.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 30 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

These appeals are abated, treated as closed cases, and removed from this Court's active docket. These appeals will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ <u>Evelyn V. Keyes</u>
             ☒Acting individually
Date: October 9, 2014