COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:          Cessica Desha Darden v. The State of Texas

Appellate case numbers:    01-16-00399-CR

Trial court case numbers:   1412122

Trial court:                          179th District Court of Harris County

On April 22, 2016, appellant, Cessica Desha Darden, was convicted after pleading guilty to the second-degree felony offense of aggravated assault with a deadly weapon for which the trial court assessed her punishment at fifteen years' confinement. Appellant's plea bargain was without an agreed recommendation pending a pre-sentencing investigation report and hearing, but with the State agreeing to reduce the first-degree felony offense of aggravated robbery—serious bodily injury—to the lesser-included offense. In the judgment of conviction, the trial court also made a special finding of "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

On May 18, 2016, the trial clerk's letter of assignment was filed in this Court and listed "TO BE DETERMINED" as appellate attorney of record. Appellant's notice of appeal, filed on April 22, 2016 in the trial court, had indicated that André L. Ligon, appellant's trial counsel, had been granted permission to withdraw as counsel on appeal by the trial court, but that court did not appoint new counsel for appellant. The trial court also ordered the court reporter to prepare and file the reporter's record without charge to appellant.

However, the trial court's certification of appellant's right of appeal, which was filed on October 2, 2014 with the trial court, stated that this was not a plea-bargain case and that appellant had the right of appeal. The clerk's record, filed in this Court on June 15, 2016, did not contain an amended trial court's certification of appellant's right of appeal, as required with the April 22, 2016 judgment of conviction. *See* TEX. R. APP. P. 25.2(a)(2) (stating that "[t]he trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order."). Thus, the

judgment appears to be inconsistent with the certification. This order constitutes notice to all parties of the apparent defective certification of the right of appeal. *See id.* 37.1.

Accordingly, the Court sua sponte **abates** this appeal and **remands** the cause to the trial court for further proceedings. On remand, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system.[1]

We direct the trial court to:

1) Execute an amended certification of appellant's right to appeal indicating whether or not appellant has the right of appeal in this case;
2) If appellant has the right of appeal, determine whether appellant still wishes to pursue this appeal;
   a. If appellant wishes to pursue this appeal, determine whether appellant is currently indigent;
   b. If appellant is currently indigent, appoint substitute appellate counsel at no expense to appellant and direct the court reporter to file the reporter's record with the Clerk of this Court no later than 30 days from the date of the hearing;
   c. If appellant is not currently indigent and wishes to proceed *pro se*, admonish appellant of the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving her right to counsel, and
      ii. determine whether any decision by appellant to proceed *pro se* is in the best interest of appellant, the State, and the administration of justice; and
      iii. if so, obtain a written waiver of the right to counsel; and
      iv. set a date certain when appellant's request and confirmation of payment for the reporter's record will be made, with a copy to be filed with the Clerk of this Court, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing; or

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and her counsel, if appointed by the trial court and present for the hearing, shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

d. If appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney, which shall be no later than 30 days from the date of the hearing;

3) Make any other findings and recommendations the trial court deems appropriate; and

4) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f); 26.04(j)(2), (p) (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2), (d); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).


The court coordinator of the trial court shall set a hearing date no later than **30 days from the date of this order** and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's amended certification of appellant's right of appeal and any findings, recommendations, and orders with this Court **within 30 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the abatement hearing **within 30 days** of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this hearing.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when a compliant supplemental clerk's record and the supplemental reporter's record, if any, are filed in this Court.


It is so ORDERED.


Judge's signature: /s/ <u>Laura Carter Higley</u>
☒ Acting individually

Date: August 16, 2016