COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



AMENDED ORDER OF ABATEMENT

Appellate case name:  Demetrick James v. The State of Texas

Appellate case number:  01-17-00300-CR

Trial court case number: 1510754

Trial court:     262nd District Court of Harris County

On April 20, 2017, after appellant, Demetrick James, had pleaded guilty to the first-degree felony of engaging in organized criminal activity without an agreed punishment recommendation, the trial court assessed his punishment at forty-five years' confinement. Appellant, through trial counsel, filed a notice of appeal the same day with a motion to withdraw, which was granted. On April 25, 2017, the trial clerk's letter of assignment assigning appellant's notice of appeal to this Court listed "TO BE DETERMINED" as appellate attorney of record.

The trial court signed a certification of appellant's right of appeal on April 20, 2017, indicating that appellant had waived his right of appeal. Because this certification appeared to be inconsistent with the judgment of conviction, the Clerk of this Court requested an amended certification from the district clerk on August 17, 2017. This order constitutes notice to all parties of the apparent defective certification of the right of appeal. *See* TEX. R. APP. P. 37.1. No amended certification has been filed in this Court.

On June 15, 2017, a corrected letter of assignment was filed in this Court indicating that Kristin Guiney had been appointed as counsel for appellant on April 24, 2017. The reporter's record was filed on July 5, 2017, and the clerk's record on August 14, 2017, making the record complete and setting appellant's brief due by September 13, 2017. *See* TEX. R. APP. P. 38.6(a)(2). Because no attorney's information had been listed on the district clerk's initial letter of assignment and none has appeared in this Court on appellant's behalf, the Clerk of this Court sent all notices, including a late-brief notice on September 20, 2017, to the pro se appellant. The Clerk of this Court was **directed** to add **Kristin Guiney** as appellant's counsel in this case.

However, after a review of the governor's appointment webpage, the governor recently appointed Kristin Guiney as the judge of the 232nd District Court, Harris County, on September 13, 2017. *See* "Governor Abbott Appoints Guiney Judge of The 232nd Judicial District Court," *available at* https://gov.texas.gov/news/post/governor-abbott-appoints-guiney-judge-of-the-232nd-judicial-district-court (last viewed on Sept. 26, 2017). Accordingly, the Court sua sponte **abates** this appeal and **remands** the cause to the trial court for further proceedings. On remand, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and the **Harris County Public Defender's Office** shall be present. The Clerk of this Court is **directed** to add the **Harris County Public Defender's Office** as appellant's additional counsel in this case. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system.[1]

We direct the trial court to:

1) Execute an amended certification of appellant's right to appeal indicating whether appellant has the right of appeal in this case;
2) Determine whether appellant still wishes to pursue this appeal;
3) If appellant wishes to pursue this appeal, enter a written order relieving the Honorable Kristin Guiney of her duties as appellant's counsel and determine whether appellant is still indigent, and:
   a. if appellant is indigent, enter an order appointing the Harris County Public Defender's Office or other appellate counsel at no expense to appellant;
   b. set a date certain when appellant's brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing;
   c. if appellant is not indigent and wishes to proceed pro se, admonish appellant of the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel, and
      ii. determine whether any decision by appellant to proceed pro se is in the best interest of appellant, the State, and the administration of justice; and

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

    iii. if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing; or

    iv. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney;

4) Make any other findings and recommendations the trial court deems appropriate; and

5) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f); 26.04(j)(2), (p) (West 2015); TEX. R. APP. P. 25.2(a)(2), (d); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972); *Fowler v. State*, 874 S.W.2d 112, 114 (Tex. App.—Austin 1994, order, pet. ref'd).

   The court coordinator of the trial court shall set a hearing date no later than **30 days from the date of this order** and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's amended certification of appellant's right of appeal and any findings, recommendations, and orders with this Court **within 30 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing **within 30 days** of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this hearing.

   This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when a compliant supplemental clerk's record and the supplemental reporter's record, if any, are filed in this Court.

   It is so **ORDERED**.


Judge's signature: /s/ Laura C. Higley

    ☑ Acting individually  ☐ Acting for the Court


Date: September 26, 2017