**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:      In the Matter of M.S.

Appellate case number:    01-21-00374-CV, 01-21-00375-CV

Trial court case number:  2020-01648J, 2020-01618J

Trial court:              313th District Court of Harris County

Appellant M.S. filed two notices of appeal on July 7, 2021 challenging the June 15, 2021 orders of the 313th Juvenile District Court of Harris County, in which the court waived its original jurisdiction and transferred Appellant's cases to the 230th District Court of Harris County "for criminal proceedings to be dealt with as an adult in accordance with the Code of Criminal Procedure."[1]  In unsworn statements attached to his notices of appeal, Appellant requests the appointment of appellate counsel stating that his trial counsel, who filed the notices of appeal, will not be handling his appeals.[2]

We abate the appeals, remand the cases to the 313th Juvenile District Court, and direct the trial court to conduct a hearing to:

(1)  determine whether Appellant is indigent;
(2)  if Appellant is indigent,
      a.  appoint counsel on appeal at no expense to Appellant;
      b.  order the court reporter to file the reporter's record with this Court at no cost to Appellant;
(3)  if Appellant is not indigent,
      a.  determine whether he has retained an attorney to represent him on appeal, and, if so, obtain the name, address, and telephone number of retained counsel;
      b.  if Appellant has not retained counsel, the trial court shall admonish Appellant of the dangers and disadvantages of self-representation, and

---

[1]  Appellant's cases stem from charges of capital murder and aggravated robbery with a deadly weapon. They are docketed before the 230th District Court as Cause Nos. 172727001010-3 and 172726901010-3, respectively.

[2]  Appellant turned eighteen years old after filing his notices of appeal.

    i.   determine whether Appellant has knowingly and intelligently waived his right to counsel; or

    ii.   if Appellant does not wish to proceed pro se, provide a deadline by which Appellant must hire an attorney;

(4)  make any other findings and recommendations the trial court deems appropriate; and

(5)  enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

The trial court shall have a court reporter record the hearing, at which a representative of the Harris County District Attorney's Office shall be present. At the trial court's discretion, Appellant may be present for the hearing in person or, if Appellant is incarcerated, Appellant may participate in the hearing by closed-circuit video teleconferencing.[3] *See* TEX. CODE CRIM. PROC. art. 1.051(a), (c), (d)(1), (f), 26.04(j)(2), (p); *Whitehead v. State*, 130 S.W.3d 866, 878-79 (Tex. Crim. App. 2004); *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003); *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *Hawkins v. State*, 613 S.W.2d 720, 722–23 (Tex. Crim. App. 1981); *Lopez v. State*, 486 S.W.2d 559, 560 (Tex. Crim. App. 1972).

**Within 25 days of the date of this order:**

(1) the trial court clerk shall file a supplemental clerk's record containing the trial court's findings and recommendations with this Court;

(2) the reporter shall file the reporter's record of the hearing with this Court; and

(3) if the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court.

The appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Veronica Rivas-Molloy
           Acting individually

Date: March 15, 2022

---

[3] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, Appellant, and any attorneys representing the State or Appellant. On request of Appellant, he and his counsel, if any, shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.